# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOSHUA BRYANT, ) ) Plaintiff, ) ) v. ) ) DUSTIN McCOIG, ) ) Defendant. ) | No. 3:15-CV-475 |

## MEMORANDUM OPINION

In October 2014, Joshua Bryant was allegedly assaulted by several correction officers while he was detained in Anderson County Jail. In October 2015, Bryant filed this civil rights suit against Anderson County and four correction officers, Dustin McCoig, Homer Bullman, Jason Wills, and Amber Stocks. The claims against the Anderson County Sheriff's Department, Sheriff Paul White, Officers Bullman and Wills were resolved, leaving McCoig as the sole remaining defendant. McCoig has not filed a notice of appearance, an answer, or any other motions or responses in this case. Bryant moves for default judgment against McCoig.

## Background

The record shows that on October 22, 2014, Bryant was incarcerated in the Anderson County Jail, where he was being held as a state prisoner with the Tennessee Department of Correction. While playing cards with another inmate, Bryant got into a verbal confrontation with Corrections Officer Dustin McCoig, who, at that time, was a corporal employed by the Anderson County Sheriff's Department. McCoig ordered Bryant

to return to his cell and then followed him there, where he allegedly choked Bryant and slammed him to the floor. McCoig called for additional officers. Bryant states that by the time two deputies responded to McCoig's call for backup, he was handcuffed and McCoig was on top of him, beating his head against the floor. The officers extracted Bryant from his cell and video footage from the jail camera shows McCoig strike Bryant across the face two times.

Bryant filed an inmate grievance form pursuant to the jails' internal grievance procedures. A couple of weeks later, on November 13, 2014, Bryant was informed that the investigation had been concluded and that McCoig's employment with the Anderson County Sheriff's Department had been terminated.

Bryant filed his complaint on October 21, 2015, alleging excessive force, assault and battery [R. 1]. McCoig was served with the Summons and Complaint on November 16, 2015 [R. 39], but has not filed an appearance or filed a responsive pleading. The Clerk entered default against McCoig on December 11, 2018 [R. 74]. Bryant now moves the court for default judgment against McCoig in the amount of $25,000 [R. 77].

An evidentiary hearing was scheduled for April 9, 2019 to determine Bryant's damages. McCoig did not appear. Because Bryant was incarcerated and not available to testify, the court took the matter under advisement to allow counsel to submit proof of damages.

## Analysis

A party seeking judgment by default must show the court: (1) when and against what party the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the defendant is not in military service such that the Soldiers' and Sailors' Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2). *Disney Enterprises. v. Farmer*, 427 F. Supp.2d 807, 815 (E.D.Tenn. 2006).

Bryant has satisfied the requirements for default judgment. First, the Clerk entered default against McCoig on December 11, 2018. Second, there is no reason for the court to believe that McCoig is an infant or incompetent person, or that McCoig is in military service. Finally, because McCoig has never entered an appearance in this action, the notice requirement of Rule 55(b)(2) does not apply. As a result of the default, the factual allegations of the complaint relating to liability are taken as true. *Skidmore v. Boilermaker-Blacksmith Nat'l Pension Trust*, 2009 WL 1362067 at *4 (E.D.Tenn. May 13, 2009).

### A. Excessive Force

42 U.S.C. § 1983 creates a cause of action against government officials who violate an individual's rights:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…. subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

3

A prisoner's right to be free from the use of excessive force at the hands of a corrections officer is a clearly established right under the Eighth and Fourteenth Amendments. The Eighth Amendment rights of prisoners are analogized to those of detainees under the Fourteenth Amendment. *Roberts v. City of Troy,* 773 F.2d 720, 723 (6th Cir. 1985). The Eighth Amendment proscribes the unnecessary and wanton infliction of pain against prisoners. *Williams v. Curtain,* 631 F.3d 380, 383 (6th Cir. 2011). Although prison discipline may require that inmates endure relatively greater physical contact, the Eighth Amendment is nonetheless violated if the "offending conduct reflects an unnecessary and wanton infliction of pain." *Id.* To make out a claim under the Eighth Amendment, a plaintiff must satisfy both an objective and a subjective component. *Id.*

The subjective component focuses on the state of mind of the prison officials. The relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian,* 503 U.S. 1, 6 (1992). Courts may consider "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley v. Albers,* 475 U.S. 312, 319 (1986). Courts may also consider the circumstances "as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response." *Id.*

The objective component requires the pain inflicted to be "sufficiently serious." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). This is a "contextual" inquiry that is "responsive to contemporary standards of decency." *Hudson,* 503 U.S. at 8-9. The

seriousness of the injuries is not dispositive; as the Supreme Court has held, "when prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident." *Id.* at 9. However, the Eighth Amendment's prohibition of cruel and unusual punishment "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010). Important here, the Sixth Circuit has repeatedly held that a blow to a prisoner's head may constitute excessive force. *See, e.g., Baker v. City of Hamilton,* 471 F.3d 601, 609 (6th Cir. 2006); *Bultema v. Benzie County,* 146 Fed.Appx. 28, 36 (6th Cir. 2005); *Phelps v. Coy,* 286 F.3d 295, 302 (6th Cir. 2002); *Davis v. Bergeon,* 1999 WL 591448 at *4 (6th Cir. July 27, 1999).

Bryant states that while he was on the floor and handcuffed in his cell, McCoig was on top of him, beating his head against the floor. Next, Officers Wills and Bullman lifted Bryant off the floor and McCoig grabbed Bryant by the throat a few times. In addition, the video recording depicts McCoig slapping Bryant's head two times in the hallway outside the cell while Bryant was handcuffed and surrounded by correction officers. The court finds these facts establish that McCoig used excessive force against Bryant, and Bryant is entitled to damages.

## B. Assault & Battery

In Tennessee, an assault is defined as "any act tending to do corporal injury to another, accompanied with such circumstances as denote at the time an intention, coupled with the present ability, of using actual violence against that person." *Thompson v.*

5

*Williamson Cnty.,* 965 F.Supp. 1026, 1037 (M.D.Tenn. 1997). A battery is defined as "any intentional, unlawful and harmful (or offensive) contact by one person with the person of another." *Raines v. Shoney's Inc.,* 909 F.Supp. 1070, 1083 (E.D.Tenn. 1995). Where a plaintiff asserts a battery claim under Tennessee law that arises out of the same use of force as his § 1983 excessive force claim, the analysis is the same for both causes of action. *Griffin v. Hardrick,* 604 F.3d 949, 956 (6th Cir. 2010). Accordingly, the court finds these facts establish assault and battery by McCoig, and Bryant is entitled to damages.

## C. Damages

In a § 1983 action, compensatory damages for actual injury may be awarded upon proper proof. *See Carey v. Phiphus,* 435 U.S. 247, 254 (1978). Compensatory damages may be awarded for emotional and mental distress as well as for pecuniary loss. *Memphis Comm. School Dist. v. Stachura,* 477 U.S. 299, 307 (1986) (compensatory damages in § 1983 action may include not only out-of-pocket loss and other monetary harms, but also such injuries as impairment of reputation, personal humiliation, and mental anguish and suffering).

Bryant submitted a Declaration affirming all allegations contained in his Complaint [R. 81-1], stating that after he was beaten by McCoig, he was unable to walk on his own and was transported by a wheelchair to the medical pod. Bryant was not taken to a hospital for his injuries, despite his request for medical help. *Id.* He continues to suffer from back pain and headaches due to the assault. *Id.* Bryant explained that he did not incur any medical bills for his injuries because he has been in continuous custody since the assault. *Id.* Bryant further states that he was put in solitary confinement because of the incident,

and was held in solitary confinement even after McCoig was fired. *Id.* In conclusion, Bryant states: "I believe that $25,000 will compensate me for my past and future pain and suffering and other damages I suffered due to the assault by McCoig." *Id.*

The court finds that although Bryant did not incur any out-of-pocket expenses related to his injuries, he suffered mental anguish and suffering as well as lingering physical pain from the assault. Accordingly, the court awards Bryant $25,000 compensatory damages against McCoig, in his individual capacity.

## D. Attorney's Fees & Costs

42 U.S.C. § 1988 permits a court, in its discretion, to award the prevailing party in a § 1983 action "reasonable" attorneys fees as part of the costs. The court finds that Bryant is entitled to a judgment in this action and to recovery of his reasonable attorney's fees and costs. Counsel shall submit a statement of fees and costs with supporting documentation within fourteen (14) days following entry of judgment. *See* Fed.R.Civ.P. 54(d)(2)(B).

## Conclusion

Bryant's motion for default judgment [R. 77] is **GRANTED.** The court will enter judgment in favor of Joshua Bryant and against Dustin McCoig, individually, in the amount of $25,000 compensatory damages, and for reasonable attorney's fees and costs incurred by Bryant, the amount to be determined by further orders of the court. An order consistent with this Memorandum Opinion will be entered.

Defendants' motions in limine [R. 62, 64, 65, 66, 67, 68] are **DENIED as moot.**

**ENTER:**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**