UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOSHUA BRYANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:15-CV-475-PLR-DCP |
| | ) |
| DUSTIN MCCOIG, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order of Referral [Doc. 85] by the Chief District Judge.

Now before the Court is Plaintiff's Notice of Filing [Doc. 84] and Plaintiff's amended Notice of Filing [Doc. 87]. By way of background, on September 20, 2019, the District Judge entered a default judgment against Defendant McCoig in the amount of $25,000. [Doc. 83]. In addition, the Court awarded reasonable attorney's fees, *see* [Doc. 82 at 7], and instructed counsel to "submit a statement of fees and costs with supporting documentation within fourteen (14) days following entry of judgment." [Doc. 83]. Counsel originally submitted an invoice [Doc. 84-1], which totaled $15,540.00.

The undersigned reviewed Plaintiff's counsel's invoice [Doc. 84-1] and noted several discrepancies. *See* [Doc. 86]. On November 19, 2019, the undersigned entered an Order [Doc. 86], directing Plaintiff's counsel to submit a supplemental invoice with appropriate documentation supporting the request for attorney's fees. Plaintiff's counsel has now submitted an amended Notice [Doc. 87], requesting $6,240 in attorney's fees. After reviewing Plaintiff's amended Notice [Doc. 87], the Court **RECOMMENDS** that Plaintiff be awarded $5,940 in attorney's fees.

## I.  ANALYSIS

As mentioned above, the District Judge has already found that Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.  [Doc. 82].  Accordingly, the only question before the undersigned is whether Plaintiff's request for $6,240 in attorney's fees is reasonable.  Specifically, Plaintiff's counsel billed a total of 20.8 hours at $300 per hour.

With respect to attorney's fees, courts often employ the "lodestar method," which is "the proven number of hours reasonably expended on the case by the attorney, multiplied by a reasonable hourly rate." *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005). The reasonableness of the hours and the rate is determined by considering twelve factors:

> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

*Id.* at 415-16. The most critical factor in determining the reasonableness of a fee award is the degree of success obtained.  *Id.* at 416 (quoting *Farrar v. Hobby,* 506 U.S. 103, 114 (1992)).

In determining the appropriate hourly rate to apply, the district court must consider the prevailing market rate in the relevant community, which for fee purposes, is the legal community within the Court's territorial jurisdiction or venue. *Brooks v. Invista*, No. 1:05-cv-328, 2008 WL 304893, at *3 (E.D. Tenn. Jan. 30, 2008) (citing *Adcock-Ladd v. Sec'y of the Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)).  The appropriate or reasonable hourly rate "may not, however, exceed the amount necessary to cause competent legal counsel to perform the work required." *Id.* (citing

2

*Coulter v. Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986), *abrogated on other grounds by*, *The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686 (6th Cir. 2016)).

The undersigned is quite familiar with the prevailing rate for attorneys within the Eastern District of Tennessee and finds that $300 per hour for this case reasonable. *See Equal Employment Opportunity Commission v. Dolgencorp, LLC*, No. 3:14-CV-441-TAV-HBG, 2017 WL 9517513, at *5 (E.D. Tenn. Aug. 7, 2017), (recommending $350 per hour for a litigator with twenty-four years of experience and $250 per hour for an attorney who graduated law school in 2006), *report and recommendation adopted sub nom. Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932 (E.D. Tenn. 2017), *aff'd,* 899 F.3d 428 (6th Cir. 2018); *Jones v. Babcock & Wilcox Tech. Servs. Y-12, LLC*, No. 311-CV00531-PLR-HBG, 2016 WL 4691294, at *1 (E.D. Tenn. Aug. 8, 2016), *report and recommendation adopted by*, 2016 WL 4690398 (E.D. Tenn. Sept. 7, 2016) (awarding $345.00 per hour in a civil rights case).

Further, the Court has reviewed the amended Notice [Doc. 87] and generally finds the number of hours to be reasonable. Plaintiff submitted 20.8 hours for the work performed in this matter. On June 20, 2018, however, counsel billed an hour for drafting and filing a motion. There was not a motion filed on June 20, 2018. The Court has already instructed Plaintiff's counsel to submit a detailed explanation for the hours. Because there is no explanation for this work, the Court will recommend a reduction of one hour. The Court will not recommend any further reductions because the overall amount is reasonable, and Defendant McCoig has not challenged Plaintiff's request. *See also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").[1]

---

[1] The Court notes that there appears to be time missing from the invoice. For instance, no time was submitted for obtaining the default or default judgment against Defendant McCoig, other

3

## II. CONCLUSION

Accordingly, the Court **RECOMMENDS**[2] Plaintiff's request for attorney's fees [**Doc. 84**], as amended [**Doc. 87**] be **GRANTED IN PART** and that Plaintiff be awarded $5,940 in attorney's fees.

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

than appearing at the motion hearing on April 9, 2019. The Court, however, cannot award attorney's fees for time that is not included.

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).